UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN MESKAUSKAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JASON B. BUSKOHL, )<br>et al., )<br>)<br>Defendants. ) | Case No.   3:15-cv-0431-GCS |

MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Plaintiff Jonathan Meskauskas, an inmate within the Illinois Department of Corrections, filed this lawsuit in April 2015 pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights (Doc. 1). On September 5, 2017, then Chief District Judge Reagan granted in part and denied in part a summary judgment motion filed by Defendants Wexford Health Sources, Inc., and John Trost (Doc. 144). [1] Specifically, the Court granted the motion as to all of Plaintiff's claims against Wexford and denied the motion as to Plaintiff's deliberate indifference claim against Dr. Trost for failure to provide pain medication and to treat his broken nose (Count 8). Plaintiff's remaining claims, along with his claim against Trost, was tried by jury in June 2018, and

---

[1]   Also, in the September 5, 2017 Memorandum and Order, District Judge Reagan granted Defendants Willis, Berry, Harrington, and Maciura's motion for summary judgment and directed the Clerk of the Court to enter judgment in their favor and against Plaintiff at the close of the case.

the jury found in favor of Plaintiff and against Defendant Trost, awarding Plaintiff $1.00 in nominal damages.[2] Judgment was entered on June 15, 2018 (Doc. 230).

Pending before the Court is Defendant Wexford Health Sources, Inc.'s Bill of Costs, filed on May 8, 2018, seeking $276.00 in costs (Doc. 205). Plaintiff, by and through appointed counsel, filed an objection on May 22, 2018 (Doc. 213). Also, pending before the Court are Plaintiff's *pro se* Bill of Costs filed on July 6, 2018 (Doc. 235, 236). Defendant Trost filed an objection on July 16, 2018 (Doc. 239).[3] On April 13, 2020, this case was reassigned to the undersigned to address the outstanding issues regarding the Bills of Costs and the respective objections thereto (Doc. 242).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined - the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*,

---

[2] Then Magistrate Judge Stephen Williams presided over the jury trial.

[3] A review of both of Plaintiff's Bill of Costs indicates they are the same except that Document 236 contains an additional page that Document 235 does not contain.

854 F.2d 219, 222 (7th Cir. 1988)). The court is instructed to look at two issues when awarding costs, *i.e.*, whether the costs are recoverable and whether the amount sought is reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). However, before awarding costs, the court must determine whether the party seeking costs was a "prevailing party" for purposes of the rule. "The losing party has the burden to affirmatively show that the prevailing party is not entitled to costs." *M.T. Bank Co. v. Milton Bradley, Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

**Wexford Health Sources, Inc.'s Bill of Costs**

Here, Wexford Health Sources, Inc., seeks $276.00 in costs for Plaintiff's deposition transcript fees that it utilized in this case at the summary judgment stage. Obviously, Wexford Health Sources, Inc. is a prevailing party in this case as it won at the summary judgment stage and judgment reflecting the same was entered in its favor. However, the Court, in its discretion, declines to issue the costs it seeks. As the Court noted above, Wexford Health Sources, Inc. and Defendant Trost filed a *joint* motion for summary judgment against Plaintiff. Both Wexford Health Sources, Inc. and Trost were represented by the same counsel and both parties used Plaintiff's deposition transcripts in the joint motion for summary judgment. Had Wexford not been named as a defendant in this lawsuit, Defendant Trost would have used Plaintiff's deposition transcript and incurred the same fees in this case.

Assuming, *arguendo*, that Wexford is entitled to costs, the Court exercises its discretion to deny the payment of such costs. The denial of costs may be warranted if the

losing party is indigent and has no ability to pay. *See Rivera*, 469 F.3d at 634. Plaintiff was granted in forma pauperis status (Doc. 4), and he was incarcerated for the entire time that the litigation was pending. Given his expected release date of December 22, 2062, the Court finds that Plaintiff is indigent and is incapable of paying the costs at any time in the near future because of his continued incarceration status. *See* IDOC Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited April 16, 2020).  Thus, the Court **DENIES** Wexford Health Sources, Inc.'s Bill of Costs (Doc. 205).

**Plaintiff's Bill of Costs**

Next, Plaintiff seeks the filing fee of this case as costs because he won his claim against Trost at trial. Specifically, in the conclusion of his Bill of Costs, Plaintiff asks the Court to cancel his remaining filing fee and to send Pontiac Correctional Center a notice that the filing fee has been fulfilled.[4] Trost objects arguing that costs are not warranted because the jury did not intend for Plaintiff to be awarded costs as the jury could have awarded costs and only awarded Plaintiff $1.00 in nominal damages.

Similar to Wexford, the Court finds that Plaintiff is a prevailing party in this lawsuit.  Although Plaintiff's award might be small, it does not mean that he did not prevail on his claim as the violation itself constitutes an injury. *See, e.g., Calhoun v. DeTella*,

---

[4]    Plaintiff also argues that the fee was waived as part of his settlement with other defendants on June 15, 2018.

319 F.3d 936, 940-941 (7th Cir. 2003)(noting that nominal damages "are not compensation for loss or injury, but rather a recognition of a violation of rights."). However, the Court concludes that Plaintiff's Bill of Costs is moot. The undersigned inquired with the Court's financial department and determined that the filing fee in this case has been paid in full. Thus, the Court **DENIES as moot** Plaintiff's Bills of Costs (Doc. 235, 236).

**IT IS SO ORDERED.**

Dated: April 17, 2020.

Digitally signed by Judge Sison
Date: 2020.04.17
12:48:39 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**